## SETTLEMENT AGREEMENT

BLACKSTONE PARTNERS LLC including their officers, directors, representatives, shareholders, owners, agents, employees, successors and assigns, and JOHN STANDART including his heirs, representatives, attorneys, successors, and assigns, (hereafter collectively "Defendants") and DAWN MARIE GASS, including her heirs, representatives, attorneys, successors, and assigns (hereafter "Plaintiff"), for good and valuable consideration, and in order to resolve and settle finally, fully and completely the lawsuit of *Gass v. Blackstone Partners LLC et al*; Case No. 15-cv-61239-Unguaro, pending before the U.S. District Court for the Southern District of Florida (hereinafter the "Litigation"), agree as follows:

1. **Settlement Amount and Attorney's Fees**. In consideration of the promises of Plaintiff as set forth herein, BLACKSTONE PARTNERS LLC and JOHN STANDART agree to settle this matter for a total amount of $5,157.15. Plaintiff acknowledges receipt of check #1003 from Blackstone Operating Account in the amount of $2,107.15 paid to the order of Koz Law P.A. on or about July 21, 2015. Plaintiff's counsel is receiving $3,050.00 as attorney's fees and costs by separate check, which shall be made payable to "Koz Law, P.A. Trust Account" and delivered to Koz Law, P.A., 320 S.E. 9th Street, Ft. Lauderdale, FL 33316 within five (5) days of the Court's dismissal. Out of the total settlement proceeds, Plaintiff DAWN MARIE GASS has received $2,107.15 and Plaintiff's counsel will receive $3,050.00 as attorney's fees and costs.

2. **Indemnification**. Plaintiff acknowledges and agrees that it shall be solely and exclusively Plaintiff's obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies received as wages and/or other compensation under this Agreement and to report and pay all related taxes or impositions. Plaintiff shall indemnify and hold harmless Defendants, their directors, officers, subsidiaries and affiliates from and against any and all claims, damages, losses, liabilities or obligations asserted, or imposed and/or threatened against Defendants by any person or entity relating, directly or indirectly, to the monies received by Plaintiff hereunder, including, without limitation, Plaintiff, the IRS, or any other person.

3. **Non-Admission Clause.** By entering into this Agreement, Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of this Litigation or any claims asserted, or that could have been asserted in any claim under the FLSA, and expressly deny any and all such liability.

4. **Jurisdiction.** The parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida.

5. **Dismissal of Lawsuit**. Within five business (5) days of signing this Agreement by Defendants and delivery to Plaintiff's counsel of a fully executed copy of this agreement, Plaintiff's counsel agrees to file with the Court: a motion to approve the settlement, along with all papers related, and a proposed order of dismissal of all claims asserted by Plaintiff in this Litigation, and for the Court to retain jurisdiction to enforce the terms of this Agreement.

6. **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

7. **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

8. **Enforcement.** In the event any action is commenced to enforce said settlement agreement, the prevailing party shall be entitled to reasonable fees and costs. The parties agree and desire that the Court shall reserve jurisdiction to enforce the terms of this settlement agreement.

9. **Voluntariness.** Plaintiff certifies that Plaintiff has fully read, negotiated, and completely understands the provisions of this Agreement, that Plaintiff has been advised by Defendants to consult with an attorney before signing this Agreement, and that Plaintiff is signing freely and voluntarily, and without duress, coercion, or undue influence.

10. **Counterparts.** This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

**DAWN MARIE GASS**

By: _____
DAWN MARIE GASS

Date: _____

**JOHN STANDART**

By: _____
JOHN STANDART

Date: 9/22/15

**BLACKSTONE PARTNERS LLC**

By: _____

Title: Managing Member

Date: 9/22/15